UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BUFORD,<br><br>          Plaintiff,<br><br>   v.<br><br>M.T.A. HAGGIE, et al.,<br><br>          Defendants. | CV F- 02-5313 OWW DLB P<br><br>ORDER RE PLAINTIFF'S REQUEST FOR RECONSIDERATION OF MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION |

**I.  BACKGROUND**

Plaintiff Timothy Buford, a state prisoner proceeding pro se and in forma pauperis, moves for reconsideration of the Magistrate Judge's findings and recommendations recommending that defendants' motion to dismiss be granted.  The Magistrate Judge recommended that plaintiff's in forma pauperis status be revoked pursuant to 28 U.S.C. § 1915(g) and that plaintiff be ordered to pay the balance of the $150.00 filing fee for this action within twenty days of the District Judge's order resolving this motion, or face dismissal of the action because plaintiff had obtained more than three qualifying dismissal under 28 U.S.C. § 1915(g).  The Magistrate Judge found that the qualifying dismissals included the following cases:

    1.    Buford v. Lewis, 00cv2631 CAL (N.D. Cal. March 21, 2001) (dismissed action for

failure to present constitutionally cognizable claims for relief);

    2.    Buford v. Fresno County Jail, 00cv5542 OWW HGB (E.D. Cal. March 21, 2001) (dismissed for failure to state a claim upon which relief can be granted); and

    3.    Buford v. Gray, 00cv6206 OWW SMS (E.D. Cal. January 23, 2001) (dismissed without leave to amend).

Plaintiff objected to the recommendation alleging that he "was paroled-released from incarceration at or upon each filing of the (3) aforementioned "and other" filed civil actions . . . " On December 13, 2004, the Court issued an order requiring defendants to provide additional information regarding plaintiff's status as a prisoner when certain lawsuits were filed. Defendants were given 30 days from service of the Court's order to comply. Defendants filed their response to the Court's order on January 13, 2005 in which they provide documentation and represent that plaintiff was incarcerated when he filed two of the three strikes referenced by the Magistrate Judge, Buford v. Lewis and Buford v. Gray. Defendants argue, however, that plaintiff was incarcerated at the time he received other strikes that were included in and additional grounds for defendants' motion to dismiss. Defendants cite the following additional cases as grounds for their motion:

    1.    Buford v. Wasco State Prison, 01cv5192 REC SMS

    2.    Buford v. Hicks, et. al., 02cv5265 AWI DLB

    3.    Buford v. People of California, et.al., 02 cv1675 GEB PAN

    4.    Buford v. San Quentin State Prison, 02-16493

## II. DISCUSSION

Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The express language of the statute indicates that the bar to filing in forma pauperis applies only to "prisoners." Based on defendants' submission, Plaintiff was a prisoner at the time he

filed only two of the three strikes referenced in the magistrate's order and therefore he was not precluded from proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(g).  The additional cases cited by defendant do not change this result.  <u>Buford v. Wasco State Prison,</u> 01cv5192 REC SMS is still pending in this court and the dismissals in <u>Buford v. Hicks, et. al.</u>, 02cv5265 AWI DLB, <u>Buford v. People of California</u>, et.al., 02 cv1675 GEB PAN and <u>Buford v. San Quentin State Prison</u>, 02-16493 occurred after plaintiff filed this action and therefore do not qualify.  A review of the record of actions filed by plaintiff in the United States District Court for the Eastern District of California reveals that plaintiff has been subject to section 1915(g) since December 16, 2002 in that he has filed three or more actions that were dismissed as frivolous, as malicious, or for failing to state a claim upon which relief may be granted.[1]  Plaintiff is therefore precluded from proceeding in forma pauperis in any action filed after December 12, 2002 unless plaintiff is, at the time the complaint is filed, under imminent danger of serious physical injury.  The complaint in the present case however was filed on March 21, 2002, prior to plaintiff becoming subject to the 1915(g) bar.

### III.  CONCLUSION

Based on the foregoing, the Magistrate Judge's recommendation that plaintiff's in forma pauperis status be revoked and that plaintiff be ordered to pay the balance of the $150.00 filing fee for this action is NOT ADOPTED.  Defendants' motion to dismiss is DENIED and defendants are ordered to respond to the amended complaint within 30 days of this order.  This matter is referred to the Magistrate Judge for further proceedings. IT IS SO ORDERED.

**Dated:   August 8, 2005**                    /s/ Oliver W. Wanger
emm0d6                                   UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff has filed seventeen cases in this district.  Among the dismissals suffered by plaintiff that count as strikes under 1915(g) are <u>Buford v. Gray</u>, CV-F-00-6206-OWW-SMS-P (dismissed for failure to state a claim on 1/23/01), <u>Buford v. Fresno County Jail</u>, CV-F-00-5542-OWW-HGB-P (dismissed for failure to state a claim on 3/21/01), and <u>Buford v. Hicks</u>, CV-F-02-5265-AWI-DLB-P (dismissed for failure to state a claim on 12/16/02).