UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BUFORD,<br><br>            Plaintiff,<br><br>     v.<br><br>M.T.A. HAGGIE, et al.,<br><br>            Defendants. | CV F- 02-5313 OWW DLB P<br><br>ORDER DIRECTING CLERK TO FILE SECOND AMENDED COMPLAINT<br><br>ORDER DIRECTING PLAINTIFF TO ADVISE WHETHER HE WISHES TO PROCEED WITH COGNIZABLE CLAIMS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. Pending before the Court is plaintiff's second amended complaint, lodged on November 28, 2005 pursuant to the Court's Order of November 16, 2005. The Clerk of Court is DIRECTED to file the lodged second amended complaint.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

1 Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

2     In the second amended complaint, plaintiff brings action against the following individuals at
3 the California Substance Abuse Treatment Facility at Corcoran: MTA Haggie, Senior MTA
4 Schumacher, Chief Medical Officer Posner, Correctional Officer Carline; Correctional Sergeant Hill;
5 and J.G. Boswell, a private party.

6     Plaintiff alleges that he had oral surgery on July 5, 2001, and that he had post-surgical
7 treatment on July 23, 2001 because he could not eat solid foods and had numbness in his tongue.
8 The doctor prescribed a nutritional resource drink three times a day. Plaintiff alleges that MTA's
9 Haggie and Schumacher and Chief Medical Officer Posner reduced his nutritional resource drink to
10 once a day in violation of his civil rights.

11     Plaintiff also alleges that on September 4, 2001, while on the recreational yard, he and other
12 inmates were sprayed with a chemical defoliant from a "crop-duster" airplane owned and operated
13 by J.G. Boswell. Plaintiff alleges that the chemical caused him nausea, respiratory problems, and
14 dizziness. Plaintiff alleges that defendants Carline and Hill, who were also on the yard, went inside
15 the program office to avoid exposure to the chemical. Plaintiff alleges that he went to the housing
16 unit and asked to be let inside but was refused. He alleges that defendants Hill and Caroline refused
17 to let him inside the housing unit for more than 40 minutes. Plaintiff alleges that on September 5,
18 2001, he sought treatment for ill effects from the chemical defoliant, but defendant Haggie refused
19 his request to be seen by a doctor. Plaintiff contends he was suffering from severe headaches, vision
20 problems, stomach problems and breathing difficulty as a result of his exposure. Plaintiff alleges
21 that he did not see a doctor for his symptoms until September 12, 2001.

22 Medical Treatment Claim

23     A prisoner's claim of inadequate medical care does not constitute cruel and unusual
24 punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical
25 needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves
26 an objective and a subjective prong. First, the alleged deprivation must be, in objective terms,
27 "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501
28

U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm.  Farmer v. Brennan, 511 U.S. at 837.  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Deliberate indifference can be manifested by prison guards intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.  Estelle v. Gamble, 429 U.S. at 104-05.  However, where a prisoner alleges a delay in receiving medical treatment, the prisoner must allege that the delay led to further injury.  McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir.  1992), overruled on other grounds, WMX Techs, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997); Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

In the instant case, plaintiff has alleged sufficient facts to state cognizable claims for relief for deliberate indifference to serious medical needs against MTA's Haggie and Schumacher and Chief

1 | Medical Officer Posner.

2 | B.  Exposure to Chemicals

Plaintiff brings action against defendants Carline, Hill and J.G. Boswell based on his exposure to a chemical defoliant on the outdoor recreation yard.  To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).  Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, (9th Cir. 1998) (citing Farmer v. Brennan, 511 U.S. 825, 835 (1994).  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837.  Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. at 835.  Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk.  Id. at 844-45.  Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton.  Farmer v. Brennan, 511 U.S. at 835; Frost v. Agnose, 152 F.3d at 1128; see also Daniels v. Williams, 474 U.S. 327, 33 (1986).

In the instant case, plaintiff has alleges that he informed defendants Carline and Hill about the exposure, and they refused to allow him to go inside.  These allegations are sufficient to indicate deliberate indifference to plaintiff's safety.  However, plaintiff fails to state a cognizable claim for

1 violation of his constitutional rights by J.G. Boswell, a private party. The Civil Rights Act under
2 which this action was filed provides:

> Every person who, under color of [state law]  . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.  42 U.S.C. § 1983.

Section 1983 actions apply to those acting under the color of law and J.G. Boswell is not a state actor. Private parties are generally not acting under the color of law, <u>Price v. Hawaii</u>, 939 F.2d 702, 707-08 (9th Cir. 1991), and plaintiff has alleged no facts that suggest that this defendant was acting under the color of law. To the extent plaintiff claims J.G. Boswell conspired with state officials to expose plaintiff to harmful chemicals, his mere allegations of conspiracy are insufficient to state a claim under 42 U.S.C. § 1985. The Ninth Circuit has held that a claim under § 1985 must allege specific facts to support the allegation that defendants conspired together. <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 626 (9th Cir. 1988). A mere allegation of conspiracy without factual specificity is insufficient to state a claim under 42 U.S.C. § 1985. <u>Id</u>.; <u>Sanchez v. City of Santa Anna</u>, 936 F.2d 1027, 1039 (9th Cir. 1991). Plaintiff has alleged no facts that support a claim for relief under section 1985 and therefore the Court will recommend that defendant Boswell be dismissed form this action.

In summary, the Court finds that plaintiff states cognizable claims for relief against the named defendants with the exception of J.G. Boswell. Accordingly, within 15 days of this Order, plaintiff shall advise the Court whether he wishes to proceed with the cognizable claims and dismiss defendant J.G. Boswell. Failure to advise that he wishes to proceed only with the cognizable claims will result in a recommendation to the District Court that defendant Boswell be dismissed and this action proceed only against the other named defendants as discussed in this order.

IT IS SO ORDERED.

Dated:  **January 6, 2006**           /s/ **Dennis L. Beck**
3b142a                                 UNITED STATES MAGISTRATE JUDGE

U.S. District Court
E. D. California

5