# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BUFORD,<br><br>        Plaintiff,<br><br>    v.<br><br>MTA HAGGIE, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:02-cv-05313-OWW-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED<br><br>(Doc. 122) |

I.    <u>Findings and Recommendations Addressing Defendant's Motion to Dismiss</u>

    A.    <u>Procedural History</u>

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's second amended complaint, filed January 9, 2006. Plaintiff claims that defendants violated his rights under the Eight Amendment and specifically that defendants Hegge and Schumacher and Posner denied him a prescribed nutritional supplement; that defendants Hill and Carline refused to permit plaintiff to come indoors when a crop dusting airplane sprayed pesticides near the prison yard; and that defendant Hegge refused to obtain medical aid for him following his exposure to pesticides from the crop dusting airplane. On February 5, 2007, defendants Carline, Hegge, Hill and Schumacher, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), filed a motion to dismiss based on plaintiff's failure to exhaust the available administrative remedies in compliance with 42 U.S.C. § 1997e(a). On March 27, 2007, defendant Posner filed a

notice of joinder in the motion to dismiss. Plaintiff filed an opposition on April 16, 2007, [1] defendant filed a reply on May 17, 2007, and plaintiff filed a surreply on June 4, 2007. Because plaintiff does not have a right to file a surreply and was not granted leave of court to file a surreply, the surreply is not considered. The court notes for the record that consideration of the surreply would not have affected to outcome of this Findings and Recommendations.

      B.      Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

///

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on November 21, 2006. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 16.)

C.     Discussion

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

In their motion, defendants argue that they are entitled to dismissal of this action because plaintiff did not obtain a final Director level review of any claim alleged in this lawsuit. In support of their motion, defendants submit the Declaration of N. Grannis, Chief of Inmate Appeal who states that between July 2001 and March 31, 2002, plaintiff obtained a final Director Level review of six appeals but none of the six appeals concern the claims at issue in this action, namely: (1) that plaintiff was denied his nutritional supplemental at the California State Substance Abuse and Treatment Facility (SATF); (2) that plaintiff was exposed to toxic chemicals from a crop duster at SATF; and (3) that plaintiff was denied medical treatment by MTA Hegge following exposure to chemical from a crop duster. Grannis Dec., ¶4.

Defendants have met their burden as the parties moving for dismissal. The burden therefore shifts to plaintiff. Plaintiff may not simply rely on allegations in the complaint, and must instead, oppose the motion by setting forth specific facts in declaration(s) and other evidence regarding the exhaustion of administrative remedies. See Fed. R. Civ. P. 43(e); Ritza, 837 F.2d at 369.

In his opposition, plaintiff concedes that he did not obtain a final Director's level review of any of his claims but contends that he should be excused form properly exhausting his claims because prison officials frustrated his efforts to complete the grievance system. Plaintiff argues

3

1  that he filed Appeal 01-3721 on August 6, 2001 and Appeal 01-04284 on September 30, 2001
2  concerning his claim that he was denied his nutritional supplement. Plaintiff's Opposition, p. 8,
3  Ex. B. Plaintiff contends he did not receive a response to these appeals until approximately a
4  year later. Plaintiff argues the Court should excuse his failure to exhaust this claim because
5  prison officials did not return the appeals within the time prescribed by California regulations.
6  Plaintiff also submits an unlogged appeal form dated September 15, 2001 concerning the
7  exposure to chemicals. *See* Plaintiff's Opposition, Ex. C. Plaintiff contends this appeal was
8  never responded to and therefore he should be excused from the requirement. Plaintiff
9  apparently concedes that his claim against defendant Hegge for denial of medical care after the
10 exposure was not exhausted.

11       In their reply, defendants submit evidence that Appeal SATF - 01-03721, concerning
12 plaintiff's nutritional supplement, was distributed to the parole agency for the first level of
13 review, denied and returned to SATF appeal office on December 14, 2001. *See* Def. Ex. 1,
14 Gomez Decl., ¶2. Plaintiff contends he did not receive this appeal back until November 2002
15 when he requested second level review and it was screened out as untimely. See Plaintiff's Ex. J.

16       However, defendants submit evidence that the subsequent Appeal SATF 01-04284, also
17 concerning plaintiff's nutritional drink, was assigned for the first level of review by the appeals
18 office and denied at the first level and returned to the SATF appeal office on December 12, 2001.
19 Gomez Dec. Para. 6. Plaintiff was released on parole on October 4, 2001 (plaintiff's Ex. A) and
20 absconded from parole on October 6, 2001. Defendants' Ex. 2. The copies of the appeal
21 provided by plaintiff indicate that plaintiff was contacted regarding the appeal on December 5,
22 2001 at Wasco State Prison Reception Center, where plaintiff was sent after being arrested as a
23 parole violator. Plaintiff's Ex. B, E. Plaintiff acknowledges that he received this appeal back on
24 March 12, 2002 with the first level denial. Plaintiff's Ex. H. Despite the knowledge that his
25 appeal was not exhausted, plaintiff proceeded to file this action on March 20, 2002. Thus,
26 plaintiff's claim as to the denial of his nutritional supplement was not exhausted prior to filing
27 suit and must be dismissed. While the delay in responding to an appeal may sometimes justify a
28 prisoner filing an action prior to exhaustion, here, plaintiff filed this action *after* receiving a

1 denial of his claim at only the first level.  Moreover, any delay in responding was reasonable in
2 that plaintiff made himself difficult to locate.

3     Plaintiff submits an unlogged grievance dated September 15, 2001 in which he claims
4 that he was exposed to chemicals.  See Ex. C.  However, the appeal has no stamp indicating that
5 it was ever submitted or actually received by the SATF appeals office as would be standard
6 practice at SATF.  Gomez Dec. Para.  7.

7     Plaintiff has failed to meet his burden in opposing defendants' motion to set "forth
8 specific facts in declaration(s) and other evidence regarding the exhaustion of administrative
9 remedies." See Fed. R. Civ. P. 43(e); Ritza, 837 F.2d at 369.  Plaintiff has not established that he
10 exhausted his administrative remedies concerning his claims prior to filing suit or that he was
11 prevented from doing so.  Accordingly, defendants are entitled to dismissal of this action based
12 on plaintiff's failure to exhaust.

13     D.    Conclusion

14     Based on the foregoing, the court HEREBY RECOMMENDS that defendants' motion to
15 dismiss for failure to exhaust, filed February 5, 2007,  be GRANTED, and this action be
16 dismissed, without prejudice.

17     These Findings and Recommendations will be submitted to the United States District
18 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  On or
19 before August 30, 2007,  the parties may file written objections with the court.  The document
20 should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The
21 parties are advised that failure to file objections within the specified time may waive the right to
22 appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23
24     IT IS SO ORDERED.
25     Dated:   **August 1, 2007**           **/s/ Dennis L. Beck**
                                                      UNITED STATES MAGISTRATE JUDGE
26
27
28